GENEVIEVE PARSHALLE
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-2445

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-3286 |
| | ) | |
| v. | ) | UNITED STATES' |
| | ) | COMPLAINT |
| DEATON LAND, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States of America, by the authority of the Attorney General of

the United States and through the undersigned attorneys, acting at the request of

the United States Coast Guard ("Coast Guard"), files this Complaint and alleges as

follows:

## NATURE OF THE ACTION

1.     This is a civil action against Defendant Deaton Land, LLC

("Deaton"), pursuant to the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701 et seq., to

recover removal costs resulting from the discharge of oil into or upon the navigable

UNITED STATES' COMPLAINT – 1

1    waters of the United States and/or the adjoining shorelines.  The United States also

2    seeks to recover all costs incurred by the Oil Spill Liability Trust Fund by reason

3    of its claim for removal costs, including interest (including prejudgment interest),

4    administrative costs, and attorney's fees.

5                            JURISDICTION AND VENUE

6            2.      This Court has subject-matter jurisdiction over the United States'

7    claim under 28 U.S.C. §§ 1331 and 1345 and 33 U.S.C. § 2717(b).

8            3.      Venue is proper in the Eastern District of Washington under 28 U.S.C.

9    § 1391(b) and 33 U.S.C. § 2717(b) because it is the judicial district in which the

10   discharge occurred and the claim arose.

11           4.      Authority to bring this action is vested in the United States

12   Department of Justice under 28 U.S.C. §§ 516 and 519, and Section 1015(c) of

13   OPA, 33 U.S.C. § 2715(c).

14                                  PARTIES

15           5.      Plaintiff, the United States of America, is acting at the request of the

16   Coast Guard.

17           6.      Defendant Deaton is a Washington limited liability company formed

18   in October 2010, with its principal office street address at 2810 Thacker Road,

19   Zillah, Washington, 98953.

UNITED STATES' COMPLAINT – 2

1    7.    At all relevant times to this action, Deaton owned and/or operated the

2    facility associated with the oil discharge.

3    STATUTORY AND REGULATORY BACKGROUND

4    8.    Congress enacted OPA in 1990 to provide for the "quick, efficient

5    cleanup" of oil spills.  S. Rep. No. 101-94, at 2 (1989), *reprinted in* 1990

6    U.S.C.C.A.N. 722, 723.

7    9.    Federal removal actions are paid for through the Oil Spill Liability

8    Trust Fund, which is administered by the Coast Guard's National Pollution Funds

9    Center and financed by recoveries from responsible parties and taxes previously

10    imposed on petroleum.  *See* 26 U.S.C. § 9509.

11    10.    OPA imposes strict liability on parties responsible for the discharge of

12    oil into navigable waters: "each responsible party for . . . a facility from which oil

13    is discharged, or which poses the substantial threat of a discharge of oil, into or

14    upon the navigable waters or adjoining shorelines . . . is liable for the removal

15    costs and damages . . . that result from such incident."  33 U.S.C. § 2702(a).

16    11.    Section 1001(32) of OPA defines a "responsible party" to include

17    "[i]n the case of an onshore facility (other than a pipeline), any person owning or

18    operating the facility . . . ."  33 U.S.C. § 2701(32)(B).

19    12.    Section 1001(27) of OPA defines "person" to include individuals,

20    corporations, partnerships, and associations.  33 U.S.C. § 2701(27).

1    13.    Under Section 1001(9) of OPA, a "facility" is "any structure, group of

2    structures, equipment, or device . . . which is used for . . . producing, storing,

3    handling, transferring, processing, or transporting oil."  33 U.S.C. § 2701(9).

4    14.    Section 1001(24) of OPA defines an "onshore facility" as "any facility

5    . . . of any kind located in, on, or under, any land within the United States other

6    than submerged land."  33 U.S.C. § 2701(24).

7    15.    Section 1001(23) of OPA defines "oil" as "oil of any kind or in any

8    form, including petroleum, fuel oil, sludge, oil refuse, and oil mixed with wastes

9    other than dredged spoil . . . ."  33 U.S.C. § 2701(23).

10    16.    Section 1001(7) of OPA defines "discharge" as "any emission (other

11    than natural seepage), intentional or unintentional, and includes, but is not limited

12    to, spilling, leaking, pumping, pouring, emitting, emptying, or dumping."  33

13    U.S.C. § 2701(7).

14    17.    Under Section 1001(21) of OPA, "navigable waters" means "the

15    waters of the United States, including the territorial sea."  33 U.S.C. § 2701(21).

16    18.    In turn, "waters of the United States" has been defined to include,

17    *inter alia*, all waters which are currently used, were used in the past, or may be

18    susceptible to use in interstate or foreign commerce, and tributaries to such waters.

19    40 C.F.R. § 300.5 (1994); 40 C.F.R. § 110.1 (1993).

1    19.    Section 1001(31) of OPA defines "removal costs" as "the costs of

2    removal that are incurred after a discharge of oil has occurred or, in any case in

3    which there is a substantial threat of a discharge of oil, the costs to prevent,

4    minimize, or mitigate oil pollution from such an incident."  33 U.S.C. § 2701(31).

5    20.    Section 1001(30) of OPA defines "remove" and "removal" to mean

6    the "containment and removal of oil . . . from water and shorelines or the taking of

7    other actions as may be necessary to minimize or mitigate damage to the public

8    health or welfare, including, but not limited to, fish, shellfish, wildlife, and public

9    and private property, shorelines, and beaches."  33 U.S.C. § 2701(30).

10    21.    Section 1002(b)(1) of OPA, 33 U.S.C. § 2702(b)(1), provides that

11    removal costs, include "all removal costs incurred by the United States, a State, or

12    an Indian tribe under [33 U.S.C. § 1321] subsection (c), (d), (e), or (l) . . . , or

13    under State law."

14    22.    Section 1001(14) of OPA defines "incident" as "any occurrence or

15    series of occurrences having the same origin, involving one or more vessels,

16    facilities, or any combination thereof, resulting in the discharge or substantial

17    threat of discharge of oil."  33 U.S.C. § 2701(14).

18    23.    Under Section 1012(a) of OPA, 33 U.S.C. § 2712(a), the Oil Spill

19    Liability Trust Fund can be used, *inter alia*, for the payment of removal costs

20    incurred by federal and state authorities, certain non-governmental claims, and

1   "Federal administrative, operational, and personnel costs and expenses reasonably

2   necessary for and incidental to the implementation, administration, and

3   enforcement of [OPA]."

4       24.    Under Section 1005 of OPA, 33 U.S.C. § 2705, each responsible party

5   is liable to the United States for interest on the removal costs and such interest

6   begins to accrue on the 30th day following the date on which the claim is presented

7   to the responsible party.

8                    <u>GENERAL ALLEGATIONS</u>

9       25.    At all relevant times to this action, Deaton was the sole owner of

10   property, including an onshore facility (the "Facility"), located at 2330 Outlook

11   Road, Outlook, Washington.

12       26.    The Facility consisted of, among other things, an auto-repair shop

13   building and an aboveground storage tank immediately adjacent to the auto-repair

14   shop building that was used to store waste oil from the auto-repair shop.

15       27.    On or about March 1, 2015, oil discharged from the Facility.

16       28.    On March 2, 2015, a Federal On-Scene Coordinator from the United

17   States Environmental Protection Agency ("EPA") responded to the oil discharge.

18       29.    EPA confirmed the oil discharge from the Facility into navigable

19   waters and on the adjoining shorelines.

1    30.    The oil flowed from the Facility, through irrigation piping and vaults

2    buried on Deaton's property, into a series of irrigation return junction vaults, and

3    into an irrigation ditch that ultimately drains into Sulphur Creek.

4    31.    The oil flowed through Sulphur Creek to the Yakima River.

5    32.    The oil discharge then flowed downstream in the Yakima River.

6    33.    There was oil sheening in the irrigation ditch, Sulphur Creek, and the

7    Yakima River.

8    34.    Hydrocarbon identification of oil samples taken from the Facility

9    indicated that the discharging oil contained lubricating oil with some diesel oil.

10    35.    Hydrocarbon identification and biomarker analysis also matched oil

11    from the Facility to oil samples taken along the flow path from Deaton's property

12    to the Yakima River.

13    36.    Sulphur Creek is a perennial tributary of the Yakima River, with a

14    bed, banks, and ordinary high water mark.

15    37.    The Yakima River is used recreationally and commercially for fishing

16    and boating.

17    38.    The Yakima River flows into the Columbia River.

18    39.    The Columbia River flows into the Pacific Ocean.

1       40.     On March 2, 2015, EPA initiated a removal action and authorized the

2  Washington State Department of Ecology and the Yakama Nation to assist in the

3  removal action.

4       41.     The removal action included securing the source of oil, deploying

5  sorbents in the irrigation ditch, deploying boom in Sulphur Creek and the Yakima

6  River, and collecting oiled birds for decontamination.

7       42.     The removal action also included vacuuming oil out of the vaults

8  buried on Deaton's property, removing contaminated vegetation from the irrigation

9  ditch, collecting pooled oil in the ditch with a vacuum truck, and skimming oil at

10  the confluence of Sulphur Creek and the Yakima River.  The collected oil-water

11  mixture was then shipped off site for treatment and disposal.

12       43.     The United States has incurred at least $1,208,548.75 in removal costs

13  at the Facility.  These costs were paid from the Oil Spill Liability Trust Fund.

14       44.     On June 30, 2017, the Coast Guard sent Deaton by certified mail a bill

15  and a written request for reimbursement of the removal costs incurred responding

16  to the oil discharge incident.

17       45.     Deaton has not reimbursed the Coast Guard for any of the removal

18  costs associated with the oil discharge.

19                             CAUSE OF ACTION

20             Recovery of Removal Costs under the Oil Pollution Act of 1990

UNITED STATES' COMPLAINT – 8

1      46.    Plaintiff realleges and incorporates by reference the allegations

2  contained in paragraphs 1 through 45 above as if fully set forth herein.

3      47.    Deaton is a "person" within the meaning of Section 1001(27) of OPA,

4  33 U.S.C. § 2701(27).

5      48.    At all times relevant to this action, Deaton owned and/or operated the

6  Facility.

7      49.    Deaton is an "owner or operator" of the Facility within the meaning of

8  Section 1001(26)(A)(ii) of OPA, 33 U.S.C. § 2701(26)(A)(ii), and thus a

9  "responsible party" within the meaning of Section 1001(32)(B) of OPA, 33 U.S.C.

10  § 2701(32)(B).

11      50.    The Facility is a structure, group of structures, equipment, or device

12  used for producing, storing, handling, transferring, processing, and/or transporting

13  oil.

14      51.    The Facility is a "facility" within the meaning of Section 1001(9) of

15  OPA, 33 U.S.C. § 2701(9).

16      52.    The Facility is a facility located on land within the United States that

17  is not submerged land.

18      53.    The Facility is an "onshore facility" within the meaning of Section

19  1001(24) of OPA, 33 U.S.C. § 2701(24).

1      54.    The lubricating oil with some diesel oil that discharged from the

2   Facility is "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C.

3   § 2701(23).

4      55.    The oil that spilled from the Facility is a "discharge" within the

5   meaning of Section 1001(7) of OPA, 33 U.S.C. § 2701(7).

6      56.    The oil discharged into "navigable waters" as defined by Section

7   1001(21) of OPA, 33 U.S.C. § 2701(21).

8      57.    The oil discharge from the Facility is an "incident" within the

9   meaning of Section 1001(14) of OPA, 33 U.S.C. § 2701(14).

10      58.    After the oil discharge, the United States incurred at least

11   $1,208,548.75 in costs by containing and removing oil from the Facility, navigable

12   waters, and nearby shorelines, and by taking other necessary actions to minimize

13   and/or mitigate damage to the public health and welfare.

14      59.    Deaton is a responsible party for the Facility from which oil was

15   discharged into or upon the navigable waters and/or adjoining shorelines under

16   Section 1002(a) of OPA, 33 U.S.C. § 2702(a).

17      60.    As a responsible party for the Facility, Deaton is liable to the United

18   States, under Section 1002(a) of OPA, 33 U.S.C. § 2702(a), to reimburse the Coast

19   Guard for all costs incurred for the removal of oil from the Facility, the navigable

20   waterways, and the adjoining shorelines.

UNITED STATES' COMPLAINT – 10

1    61.    As a responsible party for the Facility, Deaton is liable, under

2    Sections 1005 and 1015 of OPA, 33 U.S.C. §§ 2705 and 2715, to reimburse the

3    United States for all costs incurred by the Oil Spill Liability Trust Fund by reason

4    of its claim for removal costs, including interest (including prejudgment interest),

5    administrative costs, and attorney's fees.

6                                    <u>PRAYER FOR RELIEF</u>

7            WHEREFORE, Plaintiff, the United States of America, requests that this

8    Court:

9        1.    Enter judgment against the Defendant for removal costs under Section

10    1002(a) of OPA, 33 U.S.C. § 2702(a);

11        2.    Award the United States all costs incurred by the Oil Spill Liability

12    Trust Fund by reason of its claim for removal costs, including interest (including

13    prejudgment interest), administrative costs, and attorney's fees, under Sections

14    1005 and 1015 of OPA, 33 U.S.C. §§ 2705 and 2715; and

15        3.    Grant the United States such other relief as the Court deems

16    appropriate.

17                            Respectfully submitted,
18
19                            NATHANIEL DOUGLAS
20                            Deputy Section Chief
21                            Environmental Enforcement Section
22                            Environment & Natural Resources Division
23                            U.S. Department of Justice
24

UNITED STATES' COMPLAINT – 11

1                           *s/ Genevieve Parshalle*

2                           GENEVIEVE PARSHALLE

3                           Trial Attorney

4                           Environmental Enforcement Section

5                           Environment & Natural Resources Division

6                           United States Department of Justice

7                           P.O. Box 7611

8                           Washington, DC 20044-7611

9                           Telephone: 202-514-2445

10                          Email: genevieve.parshalle@usdoj.gov

11

12

13    OF COUNSEL:

14

15    Helkei S. Hemminger

16    Legal Counsel

17    National Pollution Funds Center

18    United States Coast Guard

19    2703 Martin Luther King Jr. Ave SE

20    Washington, DC 20593-7605

21    Telephone: 202-795-6057

22    Email: helkei.s.hemminger@uscg.mil

UNITED STATES' COMPLAINT – 12

JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Genevieve Parshalle, Department of Justice, Environment & Natural Resources Division, P.O Box 7611, Ben Franklin Station, Washington, DC, 20044, 202-514-2445

## DEFENDANTS

Deaton Land, LLC

County of Residence of First Listed Defendant    Yakima County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Lori Terry, Foster Garvey PC, 1111 Third Avenue, Suite 3000, Seattle, WA, 98101, 206-447-8902

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☒ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from Another District *(specify)*   ☐ 6  Multidistrict Litigation - Transfer   ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Oil Pollution Act, 33 U.S.C. § 2701 et seq.

Brief description of cause:
Civil action to recover removal costs resulting from discharge of oil

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,208,548.75

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                        DOCKET NUMBER

DATE                        SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE