UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEATON LAND, LLC, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 19-3286 <br><br> CONSENT DECREE |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| 1 | I. | BACKGROUND ........................................................................................3 |
| 2 | II. | JURISDICTION .......................................................................................4 |
| 3 | III. | PARTIES BOUND ...................................................................................4 |
| 4 | IV. | DEFINITIONS ..........................................................................................5 |
| 5 | V. | PAYMENT OF REMOVAL COSTS .......................................................7 |
| 6 | VI. | FAILURE TO COMPLY WITH CONSENT DECREE.............................9 |
| 7 | VII. | COVENANTS NOT TO SUE BY THE UNITED STATES......................11 |
| 8 | VIII. | RESERVATIONS OF RIGHTS BY THE UNITED STATES ..................11 |
| 9 | IX. | COVENANTS NOT TO SUE BY DEFENDANT ...................................12 |
| 10 | X. | EFFECT OF SETTLEMENT ..................................................................13 |
| 11 | XI. | CERTIFICATION ..................................................................................14 |
| 12 | XII. | NOTICES AND SUBMISSIONS ............................................................15 |
| 13 | XIII. | RETENTION OF JURISDICTION .........................................................16 |
| 14 | XIV. | INTEGRATION/APPENDIX ..................................................................16 |
| 15 | XV. | SIGNATORIES/SERVICE .....................................................................17 |
| 16 | XVI. | FINAL JUDGMENT ...............................................................................18 |

# I. BACKGROUND

A. Plaintiff the United States of America, on behalf of the United States Coast Guard (the "Coast Guard"), filed a complaint against Deaton Land, LLC ("Defendant") under Section 1002 of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702, seeking to recover removal costs resulting from the discharge of oil from an onshore facility located at 2330 Outlook Road, Outlook, Washington (the "Outlook Facility").

B. Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

C. The United States has reviewed the Financial Information submitted by Defendant to determine whether Defendant is financially able to pay the removal costs incurred by the United States as a result of the oil discharge from the Outlook Facility. Based upon this Financial Information, the United States has determined that Defendant has limited financial ability to pay the removal costs incurred by the United States as a result of the oil discharge from the Outlook Facility.

D. The United States and Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and

complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345 and 33 U.S.C. § 2717(b), and has personal jurisdiction over Defendant.

2. Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b) and 33 U.S.C. § 2717(b) because it is the judicial district in which the discharge occurred and the claim arose.

3. Solely for the purposes of this Consent Decree and the underlying Complaint, Defendant waives all objections and defenses that it may have to the Court's jurisdiction or to venue in this District. Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

4. This Consent Decree is binding upon the United States, and upon Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or

personal property, shall in no way alter the status or responsibilities of Defendant under this Consent Decree.

## IV. DEFINITIONS

5. This Consent Decree incorporates the definitions set forth in Section 1001 of OPA, 33 U.S.C. § 2701. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

    a. "Coast Guard" shall mean the United States Coast Guard and any of its successor departments, agencies, or instrumentalities.

    b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto, listed in Section XIV (Integration/Appendix).

    c. "Day" or "day" shall mean a calendar day. In computing any time period under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

    d. "Defendant" shall mean Deaton Land, LLC.

    e. "DOJ" shall mean the United States Department of Justice and any of its successor departments, agencies, or instrumentalities.

    f. "Effective Date" shall mean the date upon which the Court records approval of this Consent Decree on the Court's docket.

1            g.      "Financial Information" shall mean those financial documents identified in Appendix A.

h.      "Interest" shall mean interest calculated at the post-judgment interest rate under 28 U.S.C. § 1961, compounded annually. The applicable rate of interest shall be the rate in effect at the time the interest accrues.

i.      "Oil" shall mean any "oil" as defined under OPA Section 1001(23), 33 U.S.C. § 2701(23).

j.      "Oil Discharge Incident" shall mean the discharge of oil into or upon the navigable waters of the United States and/or the adjoining shorelines from the Outlook Facility that occurred on one or more days starting on or about March 1, 2015.

k.      "OPA" shall mean the Oil Pollution Act of 1990, as amended, 33 U.S.C. § 2701 et seq.

l.      "Outlook Facility" shall mean the onshore facility located at 2330 Outlook Road, Outlook, Washington.

m.      "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

n.      "Parties" shall mean the United States and Deaton Land, LLC.

o. "Removal Costs" shall mean all costs of removal incurred by the United States associated with the Oil Discharge Incident, as defined by OPA Section 1001(31), 33 U.S.C. § 2701(31).

p. "Plaintiff" shall mean the United States.

q. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

r. "United States" shall mean the United States of America, and each department, agency, and instrumentality of the United States, including the Coast Guard.

## V. PAYMENT OF REMOVAL COSTS

6. **Payment by Defendant of Removal Costs.** Defendant shall pay to the United States the principal sum of $30,000 in three installment payments of $10,000 each. Defendant shall pay the first installment payment of $10,000 within thirty days of the Effective Date. The subsequent two installment payments of $10,000 shall be due on January 15 of each year thereafter. The first payment, if timely paid, shall accrue no Interest. The remaining payments shall include an additional sum for Interest accrued on the unpaid balance calculated from the date of prior payment until the date of the current payment, as applicable. Interest shall be calculated at the post-judgment interest rate under 28 U.S.C. § 1961,

compounded annually.  Defendant may accelerate these payments, and Interest due on accelerated payments shall be reduced accordingly.

7. **<u>Method and Deposit of Payment.</u>**  Defendant shall make the payments specified in Paragraph 6 by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of Washington after the Effective Date.  The payments shall reference the civil action number assigned to this case and DOJ case number 90-5-1-1-11868, and shall specify that the payment is to be deposited in the Oil Spill Liability Trust Fund under 26 U.S.C. § 9509(b).  The FLU will provide the payment instructions to:

```
Ward Deaton
808 Fountain Boulevard
Zillah, WA 98953
Telephone: (509) 391-0685
Email: Deatonland.ward@gmail.com
```

on behalf of Defendant.  Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change to DOJ and the Coast Guard in accordance with Section XII (Notices and Submissions).  The total amount paid under Paragraph 6 shall be deposited in the Oil Spill Liability Trust Fund.

8. **Notice of Payment.** At the time of payment under Paragraph 6, Defendant shall send notice that payment has been made to DOJ and the Coast Guard in accordance with Section XII (Notices and Submissions). Such notice shall reference the civil action number assigned to this case, Federal Project Number E15004, and DOJ case number 90-5-1-1-11868.

VI. **FAILURE TO COMPLY WITH CONSENT DECREE**

9. **Interest on Payments and Accelerated Payments.** If Defendant fails to make any payment required by Paragraph 6 (Payment by Defendant of Removal Costs) by the required due date, all remaining installment payments and all accrued Interest shall become due immediately upon such failure, and if the first payment is not timely made, Interest shall accrue from the Effective Date. Interest shall continue to accrue on any unpaid amounts until the total amount due has been received.

10. **Stipulated Penalties.**

    a. If Defendant fails to make any payment under Paragraph 6 by the required due date, Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the interest required by Paragraph 9, $500 per day for each day that such payment is late.

    b. Stipulated penalties are due and payable within thirty days after the date of the demand for payment of the penalties by the Coast Guard. All

payments to the Coast Guard under this Paragraph shall be identified as "stipulated penalties" and shall be made in accordance with Paragraph 7 (Method and Deposit of Payment) and the notice of payment provisions in Paragraph 8 (Notice of Payment).

      c.     Stipulated penalties shall accrue as provided in this Paragraph regardless of whether the Coast Guard has notified Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due, and shall continue to accrue through the date of payment.

      d.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued under this Consent Decree. Payment of stipulated penalties shall not excuse Defendant from the payments required by Paragraph 6 or from performance of any other requirements of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States by virtue of Defendant's failure to comply with the requirements of this Consent Decree.

## VII. COVENANTS NOT TO SUE BY THE UNITED STATES

13. Except as specifically provided in Section VIII (Reservations of Rights by the United States), the United States covenants not to sue or to take administrative action against Defendant under OPA Section 1002, 33 U.S.C. § 2702, to recover Removal Costs. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Defendant of its obligations under this Consent Decree. These covenants are also conditioned upon the veracity and completeness of the Financial Information provided to the United States by Defendant and the financial, insurance, and indemnity certification made by Defendant in Paragraph 20. These covenants extend only to Defendant and do not extend to any other person or entity.

## VIII. RESERVATIONS OF RIGHTS BY THE UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Defendant with respect to all matters not expressly included within Section VII (Covenants Not to Sue by the United States).

Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Defendant with respect to:

    a. liability for failure to meet a requirement of this Consent Decree;

    b. criminal liability;

    c. liability for natural resource damages under Sections 1002 and 1006 of OPA, 33 U.S.C. §§ 2702 and 2706; and

    d. any future claim to recover in subrogation under OPA Section 1015, 33 U.S.C. § 2715, in connection with a claim made against the Oil Spill Liability Trust Fund under OPA Section 1013, 33 U.S.C. § 2713.

15. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Defendant, or the financial, insurance, or indemnity certification made by Defendant in Paragraph 20, is false or, in any material respect, inaccurate.

### IX. COVENANTS NOT TO SUE BY DEFENDANT

16. Defendant covenants not to sue, and agrees not to assert any claims or causes of action against the United States, or its agents, contractors, or employees, under OPA or any other federal law or regulation or state law or regulation with

respect to the Oil Discharge Incident, including without limitation, any direct or indirect claim for removal costs or damages under OPA or any other provision of law for events arising out of removal activities in connection with the Oil Discharge Incident. These covenants not to sue by Defendant shall not apply to the extent that the United States asserts a claim against Defendant related to the Oil Discharge Incident based on any of the reservations set forth in Section VIII (Reservations of Rights by the United States), other than Paragraph 14.a (liability for failure to meet a requirement of this Consent Decree) or 14.b (criminal liability), but only to the extent that Defendant's claims arose from the same removal action, removal costs, or damages that the United States is seeking pursuant to the applicable reservation. Defendant hereby reserves and retains any defense, cause of action, and right not explicitly waived in this Consent Decree.

## X. EFFECT OF SETTLEMENT

17. This Consent Decree does not limit or affect the rights of Plaintiff or Defendant against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant.

18. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Decree.

19. Nothing in this Consent Decree shall be construed to release Defendant or its agents, successors, or assigns from obligations to comply with any applicable federal, state, or local law, regulation, or permit.

## XI. CERTIFICATION

20. Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

    a. not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, reports, documents, or other information (including records, reports, documents, and other information in electronic form) (other than identical copies) relating to its potential liability regarding the Oil Discharge Incident since notification of potential liability by the Coast Guard, and that it has fully complied with any and all requests for information regarding the Oil Discharge Incident and Defendant's financial circumstances from the United States, including but not limited to insurance and indemnity information;

    b. submitted to the United States Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to the United States and the time Defendant executes this Consent Decree; and

c. fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to the Oil Discharge Incident, and submitted to the United States upon request such insurance policies, indemnity agreements, and information.

## XII. NOTICES AND SUBMISSIONS

21. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

<u>As to the Coast Guard</u>:

National Pollution Funds Center (CL)
Attn: Thomas VanHorn, Chief
U.S. Coast Guard Stop 7605
2703 Martin Luther King Jr. Ave. S.E. Stop 7605
Washington, DC 20593
Re: FPN E15004

Chief, Office of Claims and Litigation (CG-0945)
Attn: Brian Judge, Chief
U.S. Coast Guard Headquarters
2703 Martin Luther King Jr. Ave. S.E. Stop 7213
Washington, DC 20593
Re: FPN E15004

<u>As to DOJ</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-5-1-1-11868

<u>As to Defendant Deaton Land, LLC</u>:

Ward Deaton
808 Fountain Boulevard
Zillah, WA 98953
Telephone: (509) 391-0685
Email: Deatonland.ward@gmail.com

22. Notices required to be sent to the United States under this Consent Decree shall be sent to DOJ and the Coast Guard.

## XIII. RETENTION OF JURISDICTION

23. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION/APPENDIX

24. This Consent Decree and its appendix constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree and its appendix. Appendix A is a list of all financial documents provided by Defendant for the

United States to evaluate Defendant's ability to pay the Removal Costs incurred by the United States as a result of the Oil Discharge Incident. Appendix A is attached to and incorporated into this Consent Decree.

## XV. SIGNATORIES/SERVICE

25. Each undersigned representative of Defendant and the United States certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

26. Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Consent Decree.

27. Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of Defendant with respect to all matters arising under or relating to this Consent Decree. Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVI. FINAL JUDGMENT

28. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and Defendant. The Court enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

**SO ORDERED THIS** 10th **DAY OF** February, ~~2019.~~ 2020.

_____
ROSANNA MALOUF PETERSON
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Deaton Land, LLC.*

FOR THE UNITED STATES OF AMERICA:

10/21/2019
Date

*[signature]*

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

10/21/2019
Date

*[signature]*

GENEVIEVE S. PARSHALLE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-2445
Email: Genevieve.Parshalle@usdoj.gov

1 THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of

2 *United States v. Deaton Land, LLC.*

FOR DEFENDANT DEATON LAND, LLC:

May - 9 - 2019
Date

*Ward Deaton* (signature)

Ward Deaton
808 Fountain Boulevard
Zillah, WA 98953
Telephone: (509) 391-0685
Email: Deatonland.ward@gmail.com